So Ordered.

Dated: May 9, 2023



Beth E. Hanan
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Brian R. Teclaw,                          Case No. 22-24591-BEH

           Debtor.                            Chapter 13

**DECISION AND ORDER ON CREDITOR'S MOTION FOR RELIEF FROM STAY, OR IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

**ISSUE PRESENTED**

Creditor Summit Credit Union ("Summit") seeks relief from the codebtor stay under 11 U.S.C. § 1301(a) and (c) to pursue actions against the real estate owned by the debtor's LLCs. If stay relief is not granted, Summit seeks adequate protection payments pursuant to 11 U.S.C. § 361. Because the Court concludes that the stay under § 1301(a) does not apply to these LLCs, the Court grants Summit's motion to proceed against the LLCs' properties if state law so allows.

1

## CASE BACKGROUND

Debtor Brian R. Teclaw is the sole member of two limited liability companies: Retrovision LLC and 2580 Rootriverparkway LLC. ECF No.105, at 6. These LLCs obtained loans from Commerce State Bank to purchase real estate secured by mortgages and by personal guaranties of the debtor. *Id.* Retrovision LLC's property is located at 3424 W. Wisconsin Avenue in Milwaukee, while 2580 Rootriverparkway LLC's property is at 2580 S. Root River Parkway in West Allis. *Id.* Mr. Teclaw acknowledges these are investment properties, and neither is his personal residence. His latest budget shows $2,500 in monthly rental income from the Root River Parkway property, and $2,500 in month repair costs to ready the Wisconsin Ave. property for sale. ECF No. 90.

In June 2020, Commerce State Bank, which later merged with Summit, initiated a real estate foreclosure action against the LLCs, and named the debtor as an additional defendant in his capacity as guarantor of the underlying mortgages and notes. ECF No. 105, at 7. Summit successfully obtained a foreclosure judgment against all defendants. *Id.* It has been unable, however, to confirm the sale of the properties because the debtor petitioned for individual relief under Chapter 13 on October 19, 2022. ECF No.113, at 2. Neither LLC has filed a petition for relief. In light of debtor's filing, Summit filed two proofs of claim, one for its secured claim against 2580 Rootriverparkway LLC for $192,243.73 (Claim No. 10-1) and another for its secured claim against Retrovision LLC, for $372,779.55 (Claim No. 11-1).

As part of his amended but unconfirmed Chapter 13 plan, the debtor intends to sell the Wisconsin Ave. property within six months from plan confirmation and use the proceeds to satisfy both of Summit's secured claims. ECF No. 89, at 5. Any remaining proceeds will be committed for the benefit of all his creditors. *Id.* The debtor intends to retain the Root River Parkway property. *Id.* Summit disputes that the sale of the Wisconsin Ave property (or

even of both properties) will yield adequate proceeds to satisfy its claims. ECF No.113, at 8-9.

Summit now contends that the codebtor stay of § 1301 does not apply to the LLCs or, if it does, that Summit is entitled to adequate protection. ECF No.105, at 3-4. The debtor at first disputed but now concedes that the codebtor stay does not extend to the debtor's wholly-owned LLCs under § 1301. Instead, the debtor asks the Court to use its equitable power under 11 U.S.C. § 105 to extend to the LLCs the automatic stay afforded by § 362 to debtor, because the case presents "unusual circumstances." ECF No.112, at 3-5. For the reasons explained below, the Court does not find unusual circumstances and grants Summit's motion for relief from stay.

## ANALYSIS

### A. The codebtor stay of § 1301(a) does not apply to the LLCs.

Summit argues that the codebtor stay under § 1301(a) is not applicable by its terms, because the loans are not consumer debts and the LLCs are not individuals. ECF No.105, at 3. Debtor concedes the loans owed to Summit are commercial debts, and that the codebtor stay of § 1301 applies only to individuals. ECF No. 112, at 3-5. But he argues that relief under § 1301 would thwart debtor's protection under the automatic stay of 11 U.S.C. § 362.

The plain text of § 1301 supports debtor's concession that no stay is in place to prevent state court proceedings against the LLCs. Section 1301 provides in part:

> (a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such det, unless –
> (b) (1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or
> (c) (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

3

Section 1301(c) continues:
> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that –
> (1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
> (2) the plan filed by the debtor proposes not to pay such claim; or
> (3) such creditor's interest would be irreparably harmed by continuation of such stay.

The Code defines "consumer debt" as "debts incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). This definition does not specify what makes a debt a personal, family, or household debt. As such, courts generally focus on a debtor's purpose in incurring the debt. If the debtor incurred it with a "profit motive" or "an eye toward profit," it is not considered a consumer debt. *Stewart v. United States Tr. (In re Stewart),* 175 F.3d 796, 806 (10th Cir. 1999); *In re Booth*, 858 F.2d 1051, 1055 (5th Cir. 1988). Here, the debtor has admitted that the Wisconsin Avenue property and the Root River Parkway property are investment properties. Therefore, the debt to Summit is not "consumer debt" as it was incurred with a profit motive.

Likewise, debtor is right to concede that § 1301 does not apply to these LLCs, given the second prong of § 1301(a) which limits the codebtor stay to individuals. While the Code does not define an "individual," courts have held the term does not include corporations or LLCs. *See Consol. Rail Corp. v. Gallatin State Bank,* 173 B.R. 146, 147 (N.D. Ill. 1992) ("although the Bankruptcy Code nowhere explicitly defines the word 'individual,' it leaves no doubt that a corporation is not an individual."); *In re McCormick*, 381 B.R. 594, 598 (Bankr. S.D.N.Y. 2008) ("a limited liability company is not eligible to file under chapter 13 of the Bankruptcy Code because it is not considered to be an individual under the Code.").

Accordingly, this Court agrees that the codebtor stay under § 1301 does not extend to LLCs because LLCs are not individuals with consumer debts. *See*

4

*also Saleh v. Bank of Am., N.A. (In re Saleh)*, 427 B.R. 415, 422 (Bankr. S.D. Ohio 2010) (explaining that the text of § 1301(a) does not allow a limited liability company or corporation to receive the protection of the codebtor stay in a Chapter 13.). *See also In re Brines*, No. 14-40442, 2015 WL 3476695, *3-4 (Bankr. D. Kan. May 28, 2015) (holding that the codebtor stay under § 1301 did not apply to the corporation since the corporate business entity was not an individual and the debt was incurred for business purposes.).

### B. The automatic stay under § 362 does not apply to the LLCs here.

Debtor's primary argument opposing stay relief is to urge that the Court employ its extraordinary power under § 105(a) to expand the debtor's protection under the automatic stay of § 362 to the LLCs. Debtor Teclaw argues that there are "unusual circumstances" present which support use of the Court's equitable power and would avoid "immediate adverse economic consequences" for the debtor's estate. ECF No.112, at 3-5. He cites *Queenie, Ltd v. Nygard*, 321 F. 3d 283 (2d Cir. 2003), and *A.H. Robins Co., Inc v. Piccinin*, 788 F. 2d 994, 999 (4th Cir. 1986), as instances where courts identified unusual circumstances sufficient to warrant an extension of the automatic stay to non-debtor entities. Debtor contends the "unusual circumstances" here are that the LLCs' interests in the subject real estate are inextricably intertwined with his personal financial affairs and ability to reorganize. ECF No. 112, at 4. Debtor asserts that he is "exposed to personal liability and a potential deficiency judgment" should the state court foreclosure proceed. *Id.*

Summit disputes that any unusual circumstances are present, at least none sufficient to justify extending the automatic stay to the LLCs. ECF No.113, at 7. It argues that there is no identity between the LLCs and the debtor, and the foreclosure action seeks to sell properties owned only by the LLCs. Summit says this situation contrasts with the facts in *A.H. Robins Co., Inc.*, where there were monetary claims against the codebtor. *Id.* Summit also cites *In re Metal Ctr., Inc.*, 31 B.R. 458 (Bankr. D. Conn. 1983). In that Chapter 11 case the court concluded that the automatic stay did not apply to a third-

party guarantor when separate court proceedings against the guarantor could not be enforced against the debtor in bankruptcy, and thus did not form a basis to deny a motion to sever and remand. *Id.* at 8.

In assessing whether "unusual circumstances" are present here, it should be noted first that any expansion of the automatic stay to non-debtor parties appears to be applied most often in Chapter 11 cases.[1] *See, e.g., In re McCormick,* 381 B.R. 594, 601 (Bankr. S.D.N.Y. 2008) (finding no examples where the automatic stay had been extended to a non-debtor business entity within an individual's Chapter 13 case.) In *McCormick,* the debtor was an individual general contractor and the sole member of an LLC. While the LLC had not filed its own petition for relief, the debtor argued that the automatic stay of § 362 should apply also to the LLC because collection actions against the LLC could impede debtor's own reorganization. The *McCormick* court distinguished the *A.H. Robins* and *Queenie, Ltd.* cases, cited here by Mr. Teclaw, as Chapter 11 cases where the debtor was a corporation and the non-debtor was an individual or related corporation necessary to the debtor corporation's reorganization. 381 B.R. at 601. *See also In re Strak,* No. 18-22185, 2018 WL 6566622, at *1 (Bankr. D.N.J. Dec. 11, 2018) (explaining, in a Chapter 13 case, that the automatic stay did not apply to property owned by an LLC in which the debtor was a member, even though debtor had formed the LLC at the bank's request as part of a refinancing transaction). Another court has refuted the argument that a debtor's personal guaranty of a corporate debt means that the corporation and the debtor are essentially the same, such as might warrant extending the debtor's automatic stay protection to the corporation:

> The debtors also cite Mr. Saleh's personal guaranty of Food City debts and the fact that Mr. Saleh personally signed invoices and applications in his own name to support an identity of interests between him and the corporation. However, a 'garden-variety' surety relationship in which businesspeople, usually principals, agree to guaranty or be jointly liable

---

[1] *But see, In re Thompson,* No. 22-11921-RMB, 2023 Bankr. LEXIS 621, at *4 (Bankr. W.D. Wis. Mar. 10, 2023) (applying the "unusual circumstances" in a Chapter 7 case.)

> on a debt extended to a corporation does not present the type of "unusual circumstances" justifying a § 105 (a) injunction.

*In re Saleh*, 427 B.R. 415, 424 (Bankr. S.D. Ohio 2010).

The primary reason that bankruptcy courts will not invoke § 105(a) to expand the protections of § 362 to non-debtors is that § 105(a) cannot be used to create substantive rights that conflict with other Bankruptcy Code provisions or substantive rights. *Law v. Siegel,* 571 U.S. 415, 421 (2014) (explaining that when a bankruptcy court exercises its statutory and inherent powers (under § 105(a)) it may not contravene specific statutory provisions); *In re Saleh*, 427 B.R. at 422. Congress has enacted a limited scope of non-party stay for Chapter 13 cases via § 1301. Consequently, a court may not use § 105(a) to fashion an injunction that would contradict the plainly limited scope of the codebtor stay of § 1301. *Saleh,* at 422. *See also, In re Nemec*, No. 12-00986, 2012 WL 2803735, at *4 (Bankr. N.D. Iowa July 10, 2012) (declining to invoke its equitable powers under § 105(a) to extend the stay to cover the foreclosure proceeding against a corporate non-debtor.) In contrast, Chapter 11 contains no provision expressly authorizing or limiting stays against third parties. *See Resolution Trust Corp. v. Russell Corp.* (*In re Russell Corp.*), 156 B.R. 347, 350 (Bankr. N.D. Ga. 1993) ("unlike in Chapter 12 and 13, Congress did not enact a codebtor stay in chapters 7 and 11.") Consequently, courts presiding over Chapter 11 cases may see fit, depending on the circumstances, to exercise § 105(a) authority to grant a stay in favor of certain non-debtor parties.

But even if this Court had inherent authority to extend the § 362 stay to the LLCs here, it would not find that there are "unusual circumstances" warranting such relief. The *McCormick* court took up the same question, finding that the debtor had made his own choice to form a separate corporate entity, and that there was no explanation on the record as to why LLC itself had not filed a petition for relief. 381 B.R. at 601-02. *McCormick* acknowledged other Second Circuit authority listing examples of immediate adverse economic

consequences to include a claim against a non-debtor for an obligation for which the debtor was a guarantor, and actions where there is an identity between the debtor and third-party defendant, such that a judgment against the latter will in effect be a judgment or finding against the debtor. 381 B.R. at 601. But those cases all involved reorganization under Chapter 11. *See id.*, citing *Gucci America, Inc. v. Duty Free Apparel Ltd.*, 328 F. Supp. 2d at 441-42 and *Queenie Ltd.*, 321 F.3d at 287-88.

This Court has identified two instances when the stay was extended to a Chapter 13 debtor's LLC. In *M.E.S., Inc. v. M.J. Favorito Elec., Inc,* No. 08-CV-183 (JG) (JMA), 2010 WL 959604, at *7 n.3 (E.D.N.Y. Mar. 15, 2010), the district court disagreed with *McCormick* in a footnote, and found no basis to interpret § 362(a)(1) differently depending on the form of bankruptcy protection the debtor has sought. Another court, acknowledging the reasoning of *McCormick* as well as of *M.E.S.* and *Queenie*, declined to read *Queenie* as limited to Chapter 11 cases. *Konstantinou, et al. v. Manchester CP* (*In re Konstantinou*), 2017 WL 83350, at *6-7 (Bankr. D. Vt. Jan. 26, 2017). The *Konstantinou* court viewed the debtor's Chapter 13 reorganization to be "entirely dependent upon the continued operations" of the two non-debtor entities for which stay protection was sought. The *Konstantinou* court perceived that the state court claims against the non-debtor entities were wholly derivative and necessarily depended on the liability of the debtor. As such, that court extended the debtor's stay protection to the successor liability claim against the non-debtors. 2017 WL 83350, at *7.

This Court is not persuaded by the *M.E.S.* and *Konstantinou* decisions. First, *M.E.S.* did not address squarely the limited nature of the codebtor stay in § 1301. Instead, in a footnote, it simply disagreed with *McCormick's* full reasoning. Second, the *Konstantinou* bankruptcy court decision extending the stay to the non-debtors was reversed by the district court as an error of fact and law. *Manchester CP v. Konstantinou*, 2017 WL 5508350, at *5-8 (D. Vt. Nov. 16, 2017). The *Manchester* court noted, for example, that debtor did not

assert that the non-debtors were precluded from filing their own bankruptcy cases, and that success of his Chapter 13 plan did not depend upon the continuing operation of those entities but more so on the generosity of his family members. *Id.*

Here, as already noted, debtor Teclaw has offered no explanation as to why the two LLCs could not seek their own bankruptcy relief. Even if the Root River Parkway property were foreclosed and debtor lost his estimated $2,500/mo. rent from that property, that loss would be a wash against the repair costs he would no longer spend for the Wisconsin Ave. property. Consequently, declining to extend the stay to the two LLCs appears to risk little adverse economic impact on a successful reorganization.

Because the express terms of § 1301 cabin the scope of a nonparty stay in a Chapter 13 case, this Court cannot use its equitable powers under § 105(a) to extend the automatic stay of § 362 to the debtor's LLCs. In light of that conclusion, the Court need not address the alternative request for adequate protection.

## CONCLUSION/ORDER

For the above reasons, it is HEREBY ORDERED that Summit Credit Union's motion for relief from stay is GRANTED.